UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 01-4300-CIV-KING/O'SULLIVAN

**MASTERCARD INTERNATIONAL INCORPORATED,**

    **Plaintiff,**

v.

**SHERIFF J. ISHAK,
ENTERTAINMENTBUZZ, INC., ET AL.,**

    **Defendants.**

_____/



FILED by _____ D.C.
MAG. SEC.

FEB 2 3 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on MasterCard International Incorporated's Verified Motion for Attorney's Fees (DE #147, 9/12/03) and Supplemental Verified Motion for Attorney's Fees (DE #167, 1/23/04). These matters have been referred to United States Magistrate Judge John J. O'Sullivan by the Honorable James Lawrence King, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b) (DE #157, 10/27/03; DE #168, 1/26/04). Having carefully considered the filings and applicable law, the undersigned recommends that MasterCard International Incorporated's Motion for Attorney's Fees (DE #147, 9/12/03) and Supplemental Verified Motion for Attorney's Fees (DE #167, 1/23/04) be **GRANTED** in accordance with the following Report and Recommendation.

### BACKGROUND

The plaintiff/counter-defendant, MasterCard International Incorporated ("MasterCard") sued the defendants, Sherif J. Ishak ("Ishak") and several companies



owned and controlled by Ishak, to wit:  EntertainmentBuzz, Inc.; EntertainmentBuzz Productions, Inc.; Channels International Holdings, Inc.; R&O Media, Inc.; Channels International, Latin Supermodel Search, Inc., and Entertainment Buz.Com.  The complaint asserts several federal and state claims, including claims under the Lanham Act, 15 U.S.C. § 1125, and other trademark protection laws.  The complaint was based, in part, on the defendants' unauthorized use of MasterCard's registered trademarks and/or service marks in connection with a 2001 Latin Supermodel Search event promoted by Ishak through Channels Magazine.

The defendants disputed the allegations of the complaint.  Specifically, the defendants maintained that they were operating under an oral contract negotiated between  Ishak and MasterCard's representative, Marcelo Radice, pursuant to which MasterCard agreed to become a "presenting sponsor" for the 2001 Latin Supermodel Search.  The defendants also claimed that, pursuant to the oral contract, MasterCard agreed to pay Ishak's company, EntertainmentBuzz, Inc., an amount in excess of $1.4 million.

The defendant EntertainmentBuzz, Inc. filed an Amended Counterclaim against MasterCard (DE #103, 12/9/02) asserting the existence of an oral contract and a breach by MasterCard.  The Court held a trial on the defendant's Amended Counterclaim from April 7, 2003 to April 9, 2003.  United States District Court Judge James Lawrence King entered his Memorandum Opinion on May 23, 2003 (DE #134).  The Memorandum Opinion included a finding that the defendant had actual knowledge that no oral contract with MasterCard existed regarding the 2001 Latin Supermodel Search event.  See ¶ 73 of the Memorandum Opinion.  The undersigned directed

MasterCard to file its motion for attorney's fees, by order dated August 21, 2003 (DE# 143, 8/21/03).

Based upon the findings by Judge King in his Memorandum Opinion, the plaintiff argues that the defendant's allegations that an oral contract existed were made in bad faith and knowingly. MasterCard contends that it is owed attorney's fees as a result of Ishak and the defendant's "bad faith" litigation of the counterclaim.

MasterCard claims, alternatively, that it is entitled to attorney's fees on the basis of an offer of judgment/proposal for settlement it made on February 7, 2002, to all defendants, in the total amount of $50,000.00, and pursuant to the Lanham Act.

On January 12, 2004, Judge King entered a Final Judgement for MasterCard (DE# 166, 1/12/04) in the amount of $155,684.59 against EntertainmentBuzz, Inc. on Counts VI and VII of the plaintiff's complaint. The Final Judgment also entered judgment against the other defendants on Counts I through VI of the plaintiff's complaint. Lastly, the Final Judgement allowed MasterCard to supplement its Verified Motion for Attorney's Fees. Accordingly, on January 2, 2004, MasterCard filed its supplemental motion (DE #167). None of the defendants have responded to MasterCard's supplemental motion.

## ANALYSIS

### ATTORNEY'S FEES

In the motions under consideration, the plaintiff seeks to recover attorney's fees and costs in the amount of $327,223.00 that it claims is related to the prosecution of this motion

3

and the defense of the defendants' ultimately unsuccessful counterclaim.[1] Specifically, in its original Verified Motion for Attorney's Fees, the plaintiff seeks fees incurred in the defense of the counterclaim. In its Supplemental Verified Motion for Attorney's Fees, the plaintiff seeks fees and costs for the defense of the counterclaim, for the prosecution of its trademark claims, and pursuant to an offer of judgment.

In support of both motions, MasterCard argues that the court should award attorney's fees as a sanction for the defendants' bad faith prosecution of the counterclaim.

### Default

None of the corporate defendants have responded to MasterCard's Motion for Attorney's Fees or the plaintiff's Supplemental Motion. Defendant Sheriff Ishak has responded to MasterCard's original attorney fee motion and asserted that he should not be personally liable for attorney fees incurred by MasterCard in defending the alleged frivolous counterclaim of EntertainmentBuzz, Inc. In his response Ishak contests MasterCard's claim for fees but does not contest the reasonableness of the amount of fees claimed by MasterCard. Ishak has not responded to the plaintiff's Supplemental Verified Motion for Attorney's Fees. In the Supplemental Motion the plaintiff requests fees pursuant to their offer of settlement and the Lanham Act.

Rule 7.1(C), Local Rules for the United States District Court for the Southern District

---

[1] In its Verified Motion for Attorney's Fees (DE# 147, 9/12/03), MasterCard stated that it had incurred attorney's fees totaling $285,363.50, of which it estimated 80%, or $228,290.80 was directly attributable or related to the counterclaim and the defendants' allegations concerning the existence of an oral contract. In its Supplemental Verified Motion for Attorney's Fees (DE# 167, 1/23/04), MasterCard stated that the total amount of *fees and costs* for the entire case was $327,223; it stated that the fees incurred in connection with the defense of the counterclaim totaled $228,290.00. In its Verified Motion for Attorney's Fees, MasterCard requested the Court to award it "reasonable attorney's fees incurred in the defense of the Counterclaim."

4

of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure. **Failure to do so may be deemed sufficient cause for granting the motion by default.** (Emphasis supplied).

The corporate defendants' failure to respond to either of the motions for fees is sufficient cause to grant the plaintiff's motions by default. The defendant Ishak's failure to respond to the plaintiff's Supplemental Motion for fees pursuant to its offer of settlement and the Lanham Act is sufficient cause to grant the plaintiff's Supplemental Motion as to the defendant Ishak.

Although the defendants have failed to respond to many of the issues raised by the plaintiff the undersigned has addressed each of those issues in this Report and Recommendation.

### The Bad Faith Litigation Claim Basis for Attorney's Fees

The plaintiff asserts that it should be awarded fees in connection with the Amended Counterclaim. Specifically, MasterCard argues that the Court should award attorney's fees incurred in defending what it alleges was the frivolous counterclaim advanced by the defendants.

A court may assess attorney's fees "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (citations and internal quotations omitted).

Defendant Ishak contends that he cannot be responsible for the payment of

attorney's fees to MasterCard because he was not a "losing party" at trial. Specifically, Ishak argues that the Amended Counterclaim was brought solely by defendant EntertainmentBuzz, Inc., and that he, Ishak, only appeared at the April 2003 trial as a witness for and representative of EntertainmentBuzz, Inc. According to Ishak, he is a "mere witness" against whom attorney's fees cannot be assessed. Ishak asserts that although EntertainmentBuzz, Inc. did not prevail on its counterclaim that does not indicate that the counterclaim was prosecuted in bad faith. Ishak states that the fact that the Court believed Marcelo Radice's testimony over his does not mean that he was acting in bad faith. Finally, Ishak contends that the cases relied upon by MasterCard involved situations "much, much more serious and egregious" than the conduct in the instant case, suggesting that a finding of bad faith or imposition of attorney's fees in this case would be inappropriate.

In its reply brief (DE #163), MasterCard disputes Ishak's assertion that he was a "mere witness" at trial. MasterCard argues that Ishak cannot successfully claim to be a "mere witness" when he was an active officer and/or director of each of the six corporate defendants. The plaintiff claims that Ishak was the only corporate representative for all of the defendants, including EntertainmentBuzz, Inc., was the only witness called by EntertainmentBuzz, Inc., and submitted affidavits in support of arguments asserted by all defendants. Furthermore, according to MasterCard, Ishak was the subject of many of the findings of fact contained in Judge King's Memorandum Opinion (DE# 134). According to MasterCard, these facts, and especially the findings by Judge King, contradict Ishak's assertion that he was nothing more than a "mere witness" at trial.

On January 12, 2004, Judge King entered judgment in favor of MasterCard and against EntertainmentBuzz (DE# 166, ¶ 2), as well as against all the other corporate defendants (see ¶ 1 of the Final Judgment). The Court's Memorandum Opinion stated that: EntertainmentBuzz, Inc. had not established the existence of an oral contract (see ¶ 69 of the Memorandum Opinion); the oral contract was not enforceable by EntertainmentBuzz, Inc. (see ¶ 70 of the Memorandum Opinion); EntertainmentBuzz, Inc. failed to prove apparent authority on the part of Radice to bind MasterCard (see ¶ 73 of the Memorandum Opinion); and there was no enforceable contract between EntertainmentBuzz, Inc. and MasterCard (see ¶ 74 of the Memorandum Opinion.)

A court may sanction a corporate officer for his bad-faith conduct during litigation by imposing attorney's fees, even when the corporate officer is a non-party. Chambers v. NASCO, Inc., 501 U.S. 32 (1991). In Chambers, a television station purchaser sued the seller, seeking specific performance of a sales contract. The district court ordered specific performance, the seller appealed, and the appellate court remanded to the district court for the determination of sanctions against the seller, who was not a party when he committed the sanctionable acts. Attorney's fees were imposed as a sanction against the seller's sole shareholder and director. The court had the inherent power to assess such fees as a sanction in instances of bad faith or fraud. Chambers at 32-33. The district court also sanctioned other individuals who were not parties to the action. Id at 40, n.5. The Supreme Court upheld the imposition of fees, stating that there was nothing "that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. Id at 50. In reaching its decision, the court reasoned that outright dismissal, a

severe sanction, is within the court's discretion and, consequently, the less severe sanction of an assessment of attorney's fees must "undoubtedly [be] within a court's inherent power as well." Id at 45. Accord Helmac Prod. Corp. v. Roth (Plastics) Corp., 150 F.R.D. 563 (E.D. Mich. 1993) (in which district court held that it had inherent power to sanction principal shareholder/chief executive officer of defendant corporation who was not a party but who engaged in sanctionable behavior.)

In the instant case, Ishak is a party. The imposition of attorney's fees as a sanction is even more appropriate in this case. Ishak participated in the bad faith conduct of the corporations of which he is an officer, and acted in bad faith and/or fraudulently himself. It has been established by this Court in its findings of fact contained in the Memorandum Opinion, entered after the trial on the counterclaim, that Ishak, a principal of EntertainmentBuzz, Inc. (see ¶ 3 of the Memorandum Opinion) did personally participate in the wrongful activities of that corporation. (See, e.g., ¶¶ 51, 57, 65, and 66 of the Memorandum Opinion.) The Court has also entered judgment for MasterCard against the corporate defendants on Counts I-VII of the complaint. (See ¶¶ 1-2 of the Final Judgment.)

The Court's Memorandum Opinion found that the defendant Ishak had:

(a) testified at trial in a way that was "diametrically opposed" to the "credible" testimony of Radice regarding what transpired at the January 2001 meeting in connection with the Latin Supermodel Search (¶¶ 23, 25);

(b) given testimony at trial concerning the amount MasterCard allegedly agreed to pay at the January 2001 meeting that was inconsistent with his own prior sworn statements and that was inconsistent with the allegations in EntertainmentBuzz, Inc.'s

8

Amended Counterclaim (¶26);

(c) given testimony at trial concerning an invoice for the 2001 Latin Supermodel Search event that was contradicted by Ishak's deposition read into the record at trial, and rejected by the Court (¶¶30, 33);

(d) pursued claims against MasterCard at trial despite knowing that Radice did not have any apparent or actual authority to bind MasterCard, and with actual knowledge that he did not have an oral contract with MasterCard (¶¶51, 73);

(e) attempted to intimidate Radice into convincing MasterCard to enter into an agreement with Ishak and his companies (¶¶ 54, 57);

(f) threatened MasterCard's representative, Radice, and encouraged his partner Joseph Maenza to threaten Radice with the suggestion of legal action (¶¶ 54, 56); and

(g) made an "improper proposal" to Radice in which he offered "compensat[ion] for his efforts" if Radice's testimony at deposition was "favorable to Ishak" (¶65).

Accordingly, the undersigned recommends that MasterCard's Verified Motion for Attorney's Fees (DE #147, 9/12/03) and Supplemental Verified Motion for Attorney's Fees (DE #167, 1/23/04) be GRANTED and that the plaintiffs be awarded $228,290.80 in attorney fees against the defendant Sheriff Ishak and the corporate defendants.[2]

### The Effect of the Demand for Judgment/Offer of Settlement

The plaintiff, in its Supplemental Verified Motion for Attorney's Fees (DE #167, 1/23/04), introduces an additional argument in support of its claim for fees. MasterCard argues that an award of reasonable attorney's fees to the plaintiff is supported by the

---

[2] Because none of the defendants have contested the reasonableness of the fees requested the undersigned recommends that the fees requested by the plaintiff be awarded.

application of Fla. Stat. § 768.79.  MasterCard has submitted a copy of its Demand for Judgment and Offer of Settlement to Defendants, originally made in February of 2002 and recently filed with the Court (DE #170, 1/27/04), in support of its attorney's fees motion.  The Demand for Judgment and Offer of Settlement states, in pertinent part:

> 3.  This Demand attempts to forever resolve all claims: (1) that have been or could have been asserted in this action by MasterCard against the Defendants, their principles, successors and assigns; and (2) that have been or could have been asserted in this action against MasterCard by any or all of the Defendants, their principals, successors and assigns, including the EB Counterclaim.
>
> 4.  MasterCard makes this Demand in the total amount of $50,000.00 to be paid by Defendants to MasterCard (i.e., If accepted, final judgment for MasterCard to be entered against Defendants, joint and severally, in this total amount and a judgment of dismissal with prejudice to be entered on the EB Counterclaim), and a permanent injunction shall be entered against all Defendants prohibiting their use of MasterCard's name and trademarks under the same terms as the Preliminary Injunction . . .

The plaintiff apportioned by claim the amount that would be paid in the event the offer of settlement was accepted, i.e., $10,000.00 for trademark infringement claims and $40,000.00 for the remaining claims.  The offer apparently required the defendants to accept the offer jointly; there was no provision for a defendant to accept the offer individually.  The offer was not apportioned by each party.  The Florida Supreme Court has opined that, to further the goal of Fla. Stat. § 768.79, "each party who receives an offer of settlement is entitled to evaluate the offer as it pertains to him or her."  Allstate Indem. Co. v. Hingson, 808 So. 2d 197, 199 (Fla. Jan. 17 2002).  When an offer of settlement does not state the amount attributable to each party, it is impossible for a trial court to calculate the amount attributable to each party for purposes of determining

whether the judgment ultimately received was at least twenty-five percent more or less than the offer. Id at n.3.

MasterCard's offer of judgment does not meet the standard set out by the Florida Supreme Court. Therefore, it cannot be the basis for an attorney's fee award in this matter.

### The Claim for Fees Based on the Lanham Act

MasterCard argues in its Supplemental Verified Motion that it is entitled to recover its reasonable attorney's fees and costs on its trademark claims pursuant to 15 U.S.C. § 1117 of the Lanham Act. On this basis, MasterCard seeks to recover fees above the fees it claims for the defense of the counterclaim.

Title 15 U.S.C. § 1117 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An award of attorney's fees pursuant to the Lanham Act, 15 U.S.C. s. 1117, "should be made only in exceptional circumstances and on evidence of fraud or bad faith."Safeway Stores, Inc. V. Safeway Discount Drugs, Inc., 675 F.2d 1160 (11th Cir. 1989). The analysis of the claim for attorney's fees based on the Lanham Act requires a determination of whether (a) MasterCard was the prevailing party and (b) there was evidence of fraud or bad faith in the case. As discussed supra, MasterCard was the prevailing party in this action. And the Court found evidence of bad faith on the part of the defendants, as discussed supra.

The issue that must be decided for the determination of whether attorney fees are awardable under the Lanham Act in this case is whether the case is an exceptional

11

one.[3] A court should only award attorney fees in cases "characterized as malicious, fraudulent, deliberate and willful." Dieter v. B&H Indus. of Southwest Florida, Inc., 880 F.2d 322, 329 (11th Cir. 1989) (citations omitted). Even if the trial court finds that the circumstances of the case are, in fact, exceptional, the decision whether to award attorney's fees is still discretionary. Id. See also Neva, Inc. v. Christian Duplications Int'l, Inc., 743 F.Supp. 1533, 1543 (M.D. Fla. 1990) (wherein court awarded attorney's fees based on the "exceptional cases" provision of the Lanham Act, 15 U.S.C. § 1117, stating that jury finding of wilfulness made case an exceptional one).

In the instant case, the Court found that Ishak's and EntertainmentBuzz, Inc.'s actions were deliberate and/or willful. See ¶ 66 of the Memorandum Opinion ("The Court finds that Ishak . . . and EB Inc. (EntertainmentBuzz, Inc.) had actual knowledge that there was no meeting of the minds as to any essential term of the alleged oral contract and that Radice did not have the express or apparent authority to bind MasterCard to the alleged oral agreement for $1,400,000.") See also ¶ 51 of the Memorandum Opinion ("The Court finds that the May 17, 2001 e-mail from Ishak to Radice confirms that (a) there was never a meeting of the minds or oral agreement reached between MasterCard and EB Inc. (EntertainmentBuzz, Inc.) concerning the 2001 event; (b) Ishak knew that Radice did not have any apparent or actual authority to bind MasterCard to any alleged oral agreement concerning the 2001 event; and (c) whatever discussions took place between Ishak and Radice concerning the proposed

---

[3] Title 15 U.S.C. § 1117(a)(3) allows a plaintiff to recover costs of the action when the plaintiff has established the "a violation under section 1125(a) or (d) of this title." Count I of MasterCard's complaint alleged a violation of §1125(a). See ¶¶ 47 and 48. The Court entered judgment for MasterCard on that Count of the complaint. See ¶ of the Final Judgment (DE #166, 1/12/04). Therefore, MasterCard should be entitled to its allowable costs on the trademark claims.

12

2001 event did not involve and had 'NOTHING to do with MasterCard.'")

The deliberate and wilful behavior of the defendants against whom MasterCard prevailed in the instant action (see generally the Final Judgment of this Court) makes this case an exceptional one under the Lanham Act and allows MasterCard to recover attorney's fees on the trademark claims from the corporate defendants. See Neva, Inc. at 1543.

Accordingly, the undersigned recommends that the plaintiff's Supplemental Verified Motion for Attorney's Fees (DE # 167, 1/23/04) be GRANTED, and that attorney fees and costs for the trademark claims in the amount of $327,223 be assessed against the corporate defendants.[4]

## RECOMMENDATION

In accordance with the foregoing, the undersigned recommends that the Plaintiff/Counter-Defendant's Verified Motion for Attorney's Fees (DE #147, 9/12/03) and Supplemental Verified Motion for Attorney's Fees (DE #167, 1/23/04) be **GRANTED** as set forth above and the plaintiff be awarded attorneys' fees and costs.

The parties have ten (10) days from the date of receipt of the foregoing Report and Recommendation within which to serve and file written objections, if any, with the Honorable James Lawrence King, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149

---

[4] Because none of the defendants have contested the reasonableness of the fees requested the undersigned recommends that the fees requested by the plaintiff be awarded.

(11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 23 day of February, 2004.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge King
All counsel of record